CHEHARDY, Chief Judge.
Joseph Amarena pleaded guilty to possession of cocaine in an amount less than 28 grams, reserving his right to appeal the ruling on the motion to suppress as set forth in State v. Crosby, 338 So.2d 584 (La.1976). He was sentenced to serve five years at hard labor. Amarena appeals the denial of his motion to suppress. We affirm.
On September 3, 1986 at approximately 11 p.m., Agents Simone, Griffin and Gibbs and Sergeant Devlin executed a search warrant on 2120 Taft Street in Metairie. Frederick Entwisle, the owner of that residence, allowed the agents to enter. The agents entered with their guns drawn. The defendant and Angelic Schexnayder were escorted from a bedroom to the living room and seated, along with Entwisle, on the sofa. Amarena then stated he knew why the agents were there and offered to show them where cocaine was stored. At that point, Agent Simone followed Amare-na to a hall closet. Amarena took a small steel case from the top shelf and removed a baggie containing white powder from it. Amarena then took Agent Simone to the bedroom where he removed a green envelope containing some small clear plastic bags from underneath the bed. Agent Simone conducted a field test on the white powder and received positive results for cocaine. All three suspects were then placed under arrest and advised of their rights.
On appeal the defendant contends that his inculpatory statements are inadmissible as they were made after he was taken into custody but before he was advised of his constitutional rights.
In order for a statement made during custodial interrogation to be considered admissible at trial, the State must prove that the defendant was advised of his Miranda rights and that he waived those rights prior to the interrogation. State v. Harper, 430 So.2d 627 (La.1983). The State must also prove beyond a reasonable doubt that the statements were free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. State v. Wilms, 449 So.2d 442 (La.1984). However, spontaneous and voluntary statements not given as a result of police interrogation or compelling influence are admissible in evidence without Miranda warnings, even though the defendant is in custody. State v. Lane, 414 So.2d 1223 (La.1982); State v. Lambertus, 482 So.2d 812 (La.App. 4 Cir.1986). The trial court’s determination of admissibility should not be disturbed unless it is not supported by the evidence. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Garcia, 477 So.2d 833 (La.App. 5 Cir.1985), writ den. 481 So.2d 628 (La.1986).
Both Agent Simone and Sergeant Devlin testified at the hearing on the motion to suppress that the defendant volunteered to show them the cocaine after they produced the search warrant and announced their intention to search the house, and not in response to any interrogation. The defendant testified that he showed the officers where the cocaine was because they threatened to “rip the house apart.”
Credibility determinations are within the discretion of the trier of fact, are entitled to great weight, and should not be disturbed on review unless clearly contrary to the evidence. State v. Crook, 517 So.2d 1131 (La.App. 5 Cir.1987). The evidence clearly supports a finding that the defendant volunteered the locations of the cocaine. Therefore, we find no abuse of the trial court’s discretion.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.